JODI LINKER
Federal Public Defender
DANIEL P. BLANK
Senior Litigator
450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Daniel_Blank@fd.org

Counsel for Defendant ALVARADO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 22-0153 CRB |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | **Court:** Hon. Charles R. Breyer |
| JOSE ALVARADO, | **Date:** January 4, 2023 |
| Defendant. | **Time:** 10:00 a.m. |

**ARGUMENT**

As recognized by the U.S. Probation Officer, the advisory sentencing guidelines in this case fail to acknowledge that Defendant Jose Alvarado is statutorily eligible for the Safety Valve under 18 U.S.C. § 3553(f) and its relief from an otherwise mandatory minimum sentence of five years imprisonment.  The U.S. Probation Officer therefore recommends a downward variance under 18 U.S.C. § 3553(a) to a term of imprisonment of 60 months, the lowest sentence that would be available if the mandatory minimum sentence were still applicable. Such a sentence, however, fails to account for the other factors under § 3553(a) warranting a further variance below that vestigial floor to a term of imprisonment of 18 months, including the abject poverty in which Mr. Alvarado was raised, the fact that his longest prior sentence was just 104 days in custody, that in this case he demonstrated extraordinary acceptance of responsibility by fully debriefing without any limitation,[1] and that as an undocumented alien he will be denied many privileges and benefits in BOP custody—including early release to a halfway house—that are available for U.S. citizens.

Jose Alvarado was raised by his mother in a small town outside Tegucigalpa, Honduras. PSR ¶¶ 43-44.  There was no electricity or running water. PSR ¶ 44. Mr. Alvarado's family had to travel ten minutes on foot to obtain water access.  *Id.*  Mr. Alvarado's parents were never married or in a relationship.  PSR ¶ 45.  "His father had another family when Alvarado was born, and he remained with his other family."  *Id.*  As a source of income, Mr. Alvarado's mother sold tortillas daily and was able to provide only the bare necessities for her children. PSR ¶ 46.  Once Mr. Alvarado's eldest siblings were old enough to work, they relocated to the city to obtain employment and assisted their mother financially.  *Id.*

At the age of 17, Mr. Alvarado himself relocated to the United States for its possible financial opportunities. PSR ¶ 48.  The journey from Honduras to the United States on the "train of death" was extremely traumatic and lasted 25 days.  *Id.*  Mr. Alvarado witnessed

---

[1] *Cf.* 18 U.S.C. § 3553(f)(5) (requiring the defendant to provide truthful information to the government only "concerning the offense or offenses that were part of the same course of conduct or of a common plan or scheme").

1

someone getting stabbed and another individual fell off the train because he was intoxicated. *Id.* In the United States, Mr. Alvarado initially found employment at a pizza restaurant. PSR ¶ 58. Unfortunately, Mr. Alvarado was exposed to illegal narcotics and soon he was using and selling to support his habit. PSR ¶ 55. Between 2017 and 2019, Mr. Alvarado suffered three drug-related convictions. PSR ¶¶ 29-31. His longest sentence was 104 days custody at half time. *See* PSR ¶ 31. Following his arrest in the instant case, Mr. Alvarado promptly demonstrated his extraordinary acceptance of responsibility by fully debriefing for the government beyond the minimum requirements of the Safety Valve. *See* PSR ¶ 86. He also entered a plea agreement with the government waiving *inter alia* the right to appeal his sentence except in very limited circumstances. *See* PSR ¶ 3.

The parties and the U.S. Probation Officer agree that the Court is not bound by any mandatory minimum sentence in this case because Mr. Alvarado is eligible for the Safety Valve. Nevertheless, the U.S. Probation Officer recommends a sentence of 60 months imprisonment, consistent with a mandatory minimum sentence that is inapplicable. Instead, the Court should sentence Mr. Alvarado to a term of imprisonment of 18 months, recognizing the abject poverty in which he was raised, the fact that his longest prior sentence was just 104 days in custody at half time, that in this case he demonstrated extraordinary acceptance of responsibility by fully debriefing without any limitation, and that as an undocumented alien he will be denied many privileges and benefits in BOP custody—including early release to a halfway house—that are available for U.S. citizens.[2]

For whatever additional time Mr. Alvarado has in custody, he will take advantage of all available drug treatment programming, so that he can remain clean and sober following his release. Upon his release, whether officially deported or not, Mr. Alvarado plans to return to

///

---

[2] The Court should not give substantial weight to the JSIN sentencing data in this case because it includes those defendants who have a mandatory minimum sentence correlating to the offense level here that does not apply to him and excludes those defendant who were granted a motion under U.S.S.G. § 5K1.1 to get out from under that mandatory minimum. *Cf.* PSR ¶¶ 80-83.

Honduras to care for his mother and complete his studies in the hopes of building a better life for himself.

## CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Alvarado to a term of imprisonment of 18 months.

Respectfully submitted,

Dated:   December 28, 2022

JODI LINKER
Federal Public Defender
Northern District of California

　　　　　　　　/S
DANIEL P. BLANK
Assistant Federal Public Defender