STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS S. COLTHURST (CABN 99493)
Chief, Criminal Division

KAITLIN PAULSON (CABN 316804)
Assistant United States Attorney

    450 Golden Gate Ave
    San Francisco, California 94102
    Telephone: (415) 436-6824
    FAX: (510) 637-3724
    Kaitlin.Paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE ALVARADO,<br><br>    Defendant. | CASE NO. 3:22-cr-00153 CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: January 4, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

The defendant Jose Alvarado possessed and distributed a substantial amount of fentanyl in the Tenderloin neighborhood of San Francisco. *See* PSR ¶ 11. Over the course of a few months, the defendant sold to undercover officers and possessed at the time of his arrest a total of 652.8 grams of fentanyl and 80.46 grams of methamphetamine. *Id.* ¶ 11. That quantity of fentanyl is enough for roughly 325,000 lethal doses, a possibility the defendant clearly understood when he told one of the undercover officers "don't die" as the defendant sold the officer fentanyl.[1]

---

[1] The European Monitoring Center for Drugs and Drug Addiction estimates that "the lethal dose of fentanyl in humans is 2 mg." See Fentanyl Drug Profile, available at https://www.emcdda.europa.eu/publications/drug-profiles/fentanyl_en (last visited November 30, 2022).

UNITED STATES' SENTENCING MEMORANDUM   1
22-cr-00153 CRB

While the defendant's conduct selling drugs was substantial, the government acknowledges that the defendant quickly demonstrated acceptance of his wrongdoing and agreed to assist the government. Therefore, as discussed below, the government recommends that a low-end guidelines sentence of 70 months' imprisonment be imposed.

## II.  DISCUSSION

### A.  Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

### B.  The Government's Recommendation Is Sufficient But Not Greater Than Necessary

While the defendant readily demonstrated acceptance of his guilt, his conduct is nonetheless significant. Over the course of about four months, the defendant sold a total of 133.9 grams of fentanyl and 35.1 grams of methamphetamine to undercover San Francisco police officers. *See* PSR ¶¶ 6-9. The defendant demonstrated his understanding of the potentially lethal implications of his conduct. For

example, during one such sale of fentanyl, the defendant stated "don't die" to the undercover officer, while weighing the fentanyl on a digital scale and selling it. *Id.* ¶ 6. Yet the defendant continued to sell fentanyl despite the knowledge of fentanyl's lethal capabilities, including in substantially larger quantities. *Id.* ¶¶ 7-9. The defendant did so while under a criminal justice sentence. *Id.* ¶ 34.

Upon his arrest, the defendant was found with 518.9 grams of fentanyl and 45.36 grams of methamphetamine. *Id.* ¶ 10. In total, the defendant sold or possessed a total of 652.8 grams of fentanyl and 80.4 grams of methamphetamine. *Id.* ¶ 11. Also when arrested, officers located $38,360 at the defendant's residence, which the defendant admitted were proceeds from drug sales. *Id.* ¶ 10.

The frequency and quantity of fentanyl Alvarado sold, and the amount of drugs and drug proceeds found on his person and in his residence at the time of his arrest, all indicate that Alvarado played a vital role in distributing fentanyl in the Tenderloin. Moreover, Alvarado sold these quantities of fentanyl with full knowledge of the potentially fatal consequences of its use.

### III. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends a sentence of 70 months' imprisonment to be followed by a four-year term of supervised release, forfeiture, and a $100 special assessment for each count.

DATED:  December 28, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Kaitlin Paulson*
KAITLIN PAULSON
Assistant United States Attorney